

FILED

MAR 31 2010

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MARSHANE WOODS | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-68 |
| | ) | (NO. 2:03-CR-69) |
| UNITED STATES OF AMERICA | ) | *Jordan/Inman* |

## MEMORANDUM OPINION

Petitioner Marshane Woods brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel as a ground for relief. (Doc. 149). The United States has filed a response, arguing that neither of alleged attorney errors raised in his pleadings furnish a basis for relief. (Doc. 154). The motion, thus, is ripe for disposition

### I. Motions to Amend

As a prefatory matter, petitioner has filed two motions to amend for the Court's consideration. (Docs. 165, 167). In these two filings, petitioner seeks to add eight claims for relief to his original motion to vacate. However, there is a one-year limitations statute which applies to the filing of a motion to vacate and applies equally to motions to amend. The statute is triggered by one of four events; the relevant event in petitioner's case is the date his conviction became final. *See* 28 U.S.C. § 2255(1)-(4).

Petitioner's appeal was denied by the Sixth Circuit on June 29, 2006, and ninety days afterward (i.e., August 28, 2006), when his time for petitioning the Supreme Court for a writ of certiorari expired, his direct review ended. Thus, the one-year time clock for filing or amending his § 2255 motion began ticking on August 28, 2006, and would have expired on August 28, 2007.

Petitioner filed the respective motions to amend on January 4, 2008, and on September 2, 2009.[1] It, therefore, appears that his motions to amend are untimely and barred by § 2255's statute of limitations, unless the amendments relate back to his previous claims. Under Rule 15 of the Federal Rules of Civil Procedure, an amendment filed after the statute of limitations has expired which "relates back" to the original pleading is allowed under certain circumstances.[2] A claim raised in an amended pleading will relate back to a claim asserted in an original pleading where both claims arose out of the same conduct, transaction or occurrence. Fed. R. Civ. P. 15(c)(2). In effect, the "relation back" provision in Rule 15(c) allows an untimely

---

[1] In calculating the filing dates, the Court has applied the "mailbox rule" and has deemed the motions to amend to have been filed on the dates they were passed to prison officials for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack,* 487 U.S. 266, 270-71 (1988)).

[2] The Federal Rules of Civil Procedure may be applied to § 2255 motions. *See* Rule 12, Rules Governing Section 2255 Proceedings.

claim to be viewed as timely by treating it as though it had been filed along with the timely claims. *See Davenport v. United States*, 217 F.3d 1341, 1343 (11th Cir. 2000).

The first motion to amend alleges that the instances of ineffective assistance offered in his original petition also violate due process; that the 100: 1 sentencing ratio between crack cocaine and powder cocaine is discriminatory; that petitioner was denied his right to have a jury decide whether his prior convictions were qualifying convictions; that there was insufficient proof of sentencing issues, including prior convictions; that his sentence constitutes cruel and unusual punishment because he had only a relatively small amount of crack cocaine, but received a sentence 100 times greater than if the substance involved had been powder cocaine; that his sentence based on crack cocaine was disparate with those based on powder cocaine; and that the cumulative effect of these alleged errors strongly supports a new trial.

All claims, except the first one, are brand-new and do not relate back to the claims of ineffective assistance presented in his original motion to vacate. The excepted claim—that petitioner's attorney violated his right to due process of law by giving him ineffective assistance—relates back to the initial ineffective assistance claims pled in his earlier motion, *see Gideon v. Wainwright*, 372 U.S. 335, 343-45 (1963) (finding that the Sixth Amendment is made obligatory on the states by the Fourteenth Amendment's Due Process Clause ), and will be added, even though it

works no real change to the analysis to be performed. *Strickland v. Washington,* 466 U.S. 668, 687-94 (1984) (To prevail on a claim of ineffective assistance, petitioner must show that his attorney's performance was deficient and that the deficiency resulted in prejudice).

In the latter motion to amend, petitioner is alleging that the evidence was insufficient to support his conviction for a conspiracy involving 50 grams of crack cocaine, though he concedes that the proof could sustain a conspiracy conviction involving 5 kilos or more of powder cocaine. Petitioner further alleges that counsel gave him ineffective assistance to failing to bring this to the attention of the district court and the appellate court as well. The freestanding claim of insufficient convicting evidence is time-barred because it does not relate back to a claim contained in petitioner's original pleading. As to the claim of ineffective assistance, petitioner alleged the same attorney error in his original § 2255 motion as he now proposes. To the extent that the amendment adds anything to the claim of ineffectiveness initially raised, the claim will be added.

In accordance with the above analysis, the motions to amend will be **GRANTED in part** (with respect to the due process claim in the first motion and the alleged attorney error in the second), and **DENIED in part** (as to all other proposed claims). (Docs. 165, 167).

## II. Standard of Review

As to the actual motion to vacate, this Court must vacate and set aside a petitioner's conviction if it finds "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 434, 428 (1962)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively the petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## III. Procedural Background

In October of 2004, a jury convicted petitioner of conspiracy to distribute and possess with the intent to distribute five kilograms or more of powder cocaine and 50

grams or more of crack cocaine from February 2001 to September 2003, in violation of 21 U.S.C. § 846 and § 841(a)(1). For these offenses, petitioner received a life term of confinement, now being served concurrently with a North Carolina prison sentence. Petitioner filed a direct appeal in the United States Court of Appeals for the Sixth Circuit, but his appeal was denied. *United States v. Woods*, 197 Fed. Appx. 524, 2006 WL 1866843 (6th Cir. June 29, 2006). He did not seek review in the Supreme Court, but instead brought this instant § 2255 motion.

## IV. Facts

The following account is taken from the Sixth Circuit's opinion on direct appeal.

> North Carolina authorities, investigating drug-trafficking allegations, searched [Petitioner's and his Co-defendant's] joint residence in July 2002 and seized firearms, ammunition, powder and crack cocaine, and $20,000.... [I]in state court... [petitioner] pleaded guilty to trafficking in cocaine and marijuana and possession with intent to sell or deliver marijuana. The government sought to introduce, and [petitioner] moved to exclude, evidence of these prior seizures at [his] federal trial. The district court initially declined to admit evidence of the seizures from the state court convictions, expressing doubt about the "spatial" connection between the North Carolina evidence and the federal charge. Upon the government's request, the court reserved its final decision until the government laid a proper foundation in compliance with *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000). After government witnesses Norton and Johnson testified, the district court admitted the evidence.

6

*Woods*, 197 Fed. Appx. 524, *526, 2006 WL 1866843, *1. The circuit court of appeals then summarized the other evidence against petitioner which had been presented through the testimony of several witnesses. One witness, William Lumpkin, stated that he had purchased crack cocaine from petitioner on two occasions in early 2001 and nine ounces between January and September of 2001. In 2002, Dwayne Norton, according to his testimony, bought a half kilogram of cocaine from petitioner and his co-defendant, which he cooked into crack for sale in Tennessee, and he also dealt drugs with petitioner on five occasions. Norton further testified that he bought between one-half and one kilogram every month, purchasing twice a month from petitioner and twice a month from his co-defendant. Another witness, Garrett Johnson, averred that he regularly purchased nine ounces of powder cocaine a week from petitioner in early 2001 and cooked it into crack for resale in Tennessee. Johnson also testified that, in late 2001, he bought kilogram quantities from petitioner and his co-defendant each month, purchasing a total of at least 15 kilograms.

## V. Discussion

Petitioner alleges, as grounds for relief, that he received ineffective assistance of counsel in two instances. As indicated previously, to establish ineffective assistance of counsel, a defendant must show that counsel's performance was

deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. *Strickland*, 466 U.S. at 687. In assessing counsel's performance, a court must presume that counsel's questioned actions might have been sound strategic decisions. *Id.* at 689. The alleged errors or omissions must be evaluated from counsel's perspective at the time the conduct occurred under the circumstances of the particular case. *Ibid.* Only in those instances where the challenged actions are "outside the range of professionally competent assistance" will counsel's performance be considered constitutionally deficient. *Id.* at 690. A petitioner will satisfy the prejudice prong of the *Strickland* test if he shows there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] *Id.* at 694. He does not have to show, however, "that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693.

## A. *Failure to Seek Disclosure*

In his first claim, petitioner maintains that his trial counsel gave him ineffective assistance by failing to pursue pre-trial disclosure of the plea bargain and "other deals" of a co-defendant. Petitioner asserts that, during the trial, counsel admitted

---

[3]"A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Id.* at 694 .

8

that he was ineffective because the United States did not disclose discoverable materials and, thereby, prevented him for preparing for trial. Petitioner asserts that, if that evidence had been disclosed before trial, it more than likely would have resulted in the jury returning a different verdict.

*Brady v. Maryland,* 373 U.S. 83 (1963), a case not cited by petitioner, holds that prosecutor who suppresses evidence upon request which is both favorable to a defendant and material to guilt or punishment violates due process. *Id.* at 87. Favorable evidence is material under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682 (1985). Evidence subject to disclosure under *Brady* includes both exculpatory and impeachment evidence. *Id.* at 667.

In this case, the only factual support for petitioner's claim is his allegation that an unidentified co-defendant had entered into a plea agreement and other unidentified deals with the United States. Petitioner cites to *Ray v. Rose*, 371 F.Supp 277 (E.D. Tenn. 1974), "to amplify said claim." The *Ray* court set aside a conviction due to the State's failure to disclose that it had made a standing plea bargain with a co-defendant. The co-defendant had pled guilty, but only after a trial in which he gave testimony implicating the defendant and denying the existence of the deal the State

had offered. Here, however, petitioner does not identify the co-defendant to whom the plea bargain was made, specify whether that co-defendant testified and denied the existence of a plea bargain, explain whether the plea agreement was disclosed at trial (as opposed to prior to trial), or give any other details whatsoever. Needless to say, petitioner provides absolutely no factual details showing defective performance and resulting prejudice. *See Strickland,* 466 U.S. at 698 (A petitioner must show both deficient performance and resulting prejudice to succeed on claims of ineffective assistance of counsel.).

Under Rule 2(b) of the Section 2255 Rules, the moving party must specify all the grounds for relief which are available and set forth the facts supporting each ground. Clearly, petitioner has failed to do this. The Court cannot review a claim of an attorney error based on a bare, conclusory allegation. *See Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir. 1991) ("[I]n a subsequent collateral attack on the conviction the defendant must produce something more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) forbade him to take the stand."). And even if the Court assumes, but does not find, a deficient performance, the many corroborating witnesses who testified at trial, as respondent correctly points out in its answer, established petitioner's participation in the drug conspiracy. *See Strickland,* 466 U.S. at 696

("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").

Even if the claim were not conclusory and if the facts not pled by petitioner are those assumed by respondent in its response, the claim has no merit. Petitioner's attorney filed a motion for discovery, asking for all evidence that might tend to adversely impact the credibility of a government witness. (Doc. 30). Later, counsel filed a combined motion to compel discovery and for a bill of particulars, specifically requesting, *inter alia*, "plea agreements, 5K1 letters or other promises or indictments from the government to each alleged conspirator," "regardless of whether the alleged conspirator will be called as a government witness or not called." (Doc. 41 at 3). After the discovery was not provided, petitioner's attorney moved for leave to file a motion to continue the trial, as well as the actual motion to continue, arguing in both motions that, absent the non-disclosed materials, he could not prepare for trial or provide effective assistance to his client. (Docs. 62, 69). The record shows that counsel did all he could to obtain the material which petitioner now claims was not sought. There was no deficient performance.

Nor was there prejudice. According to a letter attached to the government's response, a few days prior to trial, the United States disclosed to petitioner the plea agreements and judgments in the cases of those co-conspirators it intended to call as

11

witnesses. (Doc. 154, Attach. 2). The trial transcript shows that counsel, in his opening statement, argued that the co-conspirator witnesses had pled guilty, that they had received long prison sentences, that they were testifying against his client simply to get sentence reductions, and that their credibility should be evaluated against this self-serving milieu. (Doc. 119 at 31-33). Furthermore, the witnesses admitted to having pled guilty under a plea agreement which required them to cooperate with the government and to testify about their involvement in the conspiracy. (*Id.*, Test. of Tedrick Tyner at 51-52, 68; Test. of William Wright at 71-72, 85, 88-89; Test. of James Hunt at 113, 130-31; Test. of William Junior Lumpkin at 135; Test. of Dwayne Norton at 156).

The Sixth Circuit has held that "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose" and that a "'[d]elay only violates *Brady* when the delay itself causes prejudice.'" *United States v. Blood*, 435 F.3d 612, 627 (6th Cir. 2006) (quoting *United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994)). It has also held that, "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). Because the information actually was used at trial, its alleged belated disclosure did not cause any prejudice.

Lastly, petitioner's citation to *Peyton v. Rowe*, 391 U.S. 54 (1995), is inapposite to any issue in this case, let alone to this claimed attorney error. *Peyton*, seemingly, is offered to support that petitioner has met the "in custody" requirement for purposes of challenging his federal sentence. However, there is no question that petitioner is "in custody," as dictated by § 2255(a) and Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts since "[a] prisoner is in custody for the purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004)(citing *Ward v. Knoblock,* 738 F.2d 134, 138 (6th Cir. 1984)). Moreover, no issue has arisen as to the "in custody" requirement.

B. *Failure to Renew Motion*

In his second claim, petitioner conteds that counsel failed to renew his motion for acquittal after one of the co-conspirators, Garrett Johnson, testified that he received only a small amount of crack from petitioner. It is petitioner's argument that the witness could have been talking about *one* gram of crack and, therefore, that there was no evidence to support the jury verdict of guilty on the *fifty* grams of crack charged in the conspiracy. Petitioner also maintains that, based on this witness's testimony, the evidence was sufficient to find him guilty of conspiring to distribute only of five kilograms or more of powder cocaine. Finally, petitioner suggests that

13

the other witnesses did not testify to a conspiracy, but only to a buyer-seller relationship. Thus, he asserts, there was insufficient evidence to find him guilty of the conspiracy itself.

The Sixth Circuit was presented in the direct appeal with a claim that the convicting evidence was not sufficient. It began its analysis by stating that the three elements of a drug conspiracy were: "(1) an agreement to violate drug laws: (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *Woods*, 187 Fed. Appx at 527, 2006 WL 1866843, at *2 ( citing *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996)). The circuit court then pointed out that the government must prove that a defendant "agreed to participate in what [he] knew to be a joint venture to achieve a common goal," but need not prove an actual agreement among the various conspirators to establish a single conspiracy. *Id.* (quoting *United States v. Spearman*, 186 F.3d 743, 746, (6th Cir. 1999)).

Thereafter, the Sixth Circuit summarized the proof offered at trial as consisting of firearms, ammunition, powder cocaine, crack cocaine, and $20,000 seized in July of 2002 from the North Carolina residence petitioner shared with his co-defendant brother; the testimony of witnesses Norton and Johnson that they bought crack from petitioner in North Carolina for resale in Tennessee during the time period covered by the indictment; the testimony by those and other witnesses that they had purchased

from him and his co-defendant brother the amounts of cocaine alleged in the indictment during that same time frame. Indeed, the Sixth Circuit characterized the evidence that petitioner engaged in a conspiracy to distribute cocaine and crack cocaine as alleged in the indictment as "overwhelming." *Woods*, 187 Fed. Appx at 528, 2006 WL 1866843, at *3.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), evidence is sufficient to support a criminal conviction if, after viewing the proof in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt of the existence of every element of the offense. *Id*. at 319. The evidence need not be so overwhelming as to exclude every reasonable theory except guilt. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984). A motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure must be granted if, after considering all the evidence in the light most favorable to the government, it appears that the evidence is insufficient to sustain a conviction. *Id*.

Assuming for the sake of deciding this motion to vacate that counsel's failure to renew the Rule 29 motion amounted to a deficient performance, his supposed sub-par performance did not result in prejudice. An attorney does not render ineffective assistance by failing to renew a motion for acquittal which was doomed to fail since

there was sufficient evidence—indeed, overwhelming evidence—to convict his client of the crimes with which he was charged. This claim warrants no relief.

### VI. Conclusion

Because the claims of ineffective assistance raised in this § 2255 motion are conclusory or meritless, the Court will **DISMISS** this case.

A separate order will enter.

**ENTER**:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE