UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARSHANE WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Nos.: 2:03-CR-69-RLJ-MCLC |
| v. | ) 2:07-CV-68-RLJ |
| | ) 2:17-CV-74-RLJ |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner Marshane Woods, pursuant to a jury verdict, was convicted of conspiracy to distribute and possess with the intent to distribute five kilograms or more of powder cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1) [Doc. 100].[1] For this offense, Petitioner received life imprisonment [Doc. 117], a sentence that a former United States President commuted to a 360-month term [Doc. 204].

Following the entry of Petitioner's amended judgment on January 20, 2017 [*Id.*], he filed this skeletal motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, tentatively arguing that he "may have a *Mathis/Hinkle* issue" connected to his prior state felony drug convictions that were used to enhance his sentence [Doc. 207]. Because the claim had no factual underpinnings, the Court entered an order on May 15, 2017, requiring Petitioner to correct that deficiency by completing and submitting a preprinted form motion used to file motions to vacate under § 2255 [Doc. 209]. Petitioner was allowed ten days from that date to comply with the order [*Id.* p.2].

---

[1] All citations to the Court record refer to Case No. 2:03-CR-69.

Petitioner now moves for a voluntary dismissal of his § 2255 motion [Doc. 213]. Petitioner indicates that he has carefully considered his claim, that he has concluded that it is groundless, and that he therefore wishes to withdraw his § 2255 motion [*Id.*].

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a movant may voluntarily dismiss an action without a court order by filing a notice of dismissal at any time prior to service by the adverse party of an answer or a motion for summary judgment. Because the Court did not require a response to the § 2255 motion, the government did not file a response to the motion, nor did it file a motion for summary judgment, to the extent that a summary judgment motion is a proper procedural means of facilitating a denial of a § 2255 motion. *But cf. James v. United States,* No. 0:11-CR-2327-MBS, 2017 WL 1194207, at *4 (D.S.C. Mar. 30, 2017) (granting government's motion for summary judgment in § 2255 proceedings).

Under these circumstances, Petitioner is entitled to a voluntary dismissal of his § 2255 motion pursuant to Rule 41(a). *Ransom v. United States*, No. 6:13CV792, 2013 WL 5979679, at *1 (E.D. Tex. Nov. 7, 2013) (granting a petitioner's motion to voluntarily dismiss his § 2255 motion) (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)) for its holding that a plaintiff has an absolute right to dismiss a lawsuit under Fed. R. Civ. P. 41(a) before the filing of an answer or summary judgment motion).

Accordingly, the Court will **GRANT** Petitioner's motion for a voluntary dismissal of his § 2255 motion [Doc. 213].

        **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge