UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:03-CR-069 |
| | ) | |
| MARSHANE WOODS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for sentence reduction [doc. 218], as supplemented and amended [docs. 219, 222, 223] and as rendered moot by the supplemental motion filed by counsel [doc. 231]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. The United States has responded in opposition to the motion. [Doc. 260].

For the reasons that follow, the defendant's *pro se* motions will be denied as moot, and his counseled motion will be granted.

**I.     Defendant's Eligibility for First Step Act Relief.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise

expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of Life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2003). For 841(a)(1) violations involving five grams or more (but less than 50 grams) of cocaine base, the enhanced statutory penalty range was ten years to Life. *See id.* § 841(b)(1)(B)(iii). However, since the enactment of the Fair Sentencing Act, the 841(b)(1)(A)(iii) penalties now apply only to offenses involving 280 grams or more of cocaine base, and the 841(b)(1)(B)(iii) penalties apply to offenses involving 28 grams or more (but less than 280 grams) of cocaine base. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

Case 2:03-cr-00069-RLJ-MCLC   Document 262   Filed 07/22/21   Page 2 of 8   PageID #: 885

By judgment entered February 28, 2005, this Court sentenced the defendant to an enhanced term of Life imprisonment for the controlled substance conspiracy offense charged in Count One of the Indictment. Count One involved 50 grams or more of cocaine base *and* five kilograms or more of cocaine.

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). Thus,

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence. This determination is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

*United States v. Boulding*, 379 F. Supp. 3d 646, 648, 651, 654 (W.D. Mich. 2019), *aff'd on these points but vacated on other grounds*, 960 F.3d 774 (6th Cir. 2020).

The instant defendant was found guilty of an offense involving 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that offense. *See* Fair

Sentencing Act, 124 Stat. 2372. The defendant committed his crimes from approximately 2001 through 2003. [Presentence Investigation Report ("PSR"), ¶ 8]. Thus, he was sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief.

The defendant is eligible for First Step Act relief even though his single count of conviction involved both powder cocaine and cocaine base. *See United States v. Walker*, No. 20-1555 (6th Cir. Apr. 20, 2021). In *Walker*, the defendant had pled guilty to two counts, one involving solely powder cocaine and another involving solely cocaine base. *Id.* On appeal, the United States ultimately conceded that the district court indeed had the authority to lower Walker's sentence on both the cocaine base count *and* the powder cocaine count. *Id.* The Sixth Circuit agreed, clarifying that "the district court should decide if a reduction for [both the cocaine base conviction and the non-cocaine base conviction] is merited … after considering updated statutory benchmarks, current Guidelines, and post-sentencing conduct." *Id.* (citation and quotation omitted). Thus, in light of *Walker*, the present defendant is eligible for First Step Act relief on his single count pertaining to both cocaine base and powder cocaine. *See also, e.g., United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) (defendant eligible for First Step Act relief even though "a covered offense was combined with an offense that is not covered" by the First Step Act).

## II. Factual Background

This Court's 2005 judgment imposed a sentence of Life imprisonment to be followed by ten years of supervised release. The PSR deemed the defendant a Career

Offender, but his non-Career Offender total offense level was actually higher. [PSR, ¶ 29]. Under either calculation, however, the resulting guideline range would have been 360 months to Life but for the statutorily mandated Life sentence. [*Id.*, ¶¶ 29, 31, 72].

In January 2017, the defendant received an Executive Grant of Clemency, reducing his prison sentence to 360 months. [Doc. 204].[2] He is presently scheduled for release on September 13, 2030. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 22, 2021).

### III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's enhanced statutory term of imprisonment for the cocaine base component of Count One was reduced by section 2 of the Fair Sentencing Act *from* a mandatory Life sentence *to* a range of ten years to Life, and his minimum term of supervised release was reduced from ten years to eight.

Applying the 2018 guidelines manual, the defendant's guideline range is now 360 months to Life, based on a Career Offender total offense level of 37 and a criminal history category of VI. His non-Career Offender total offense level is now only 36, which with a

---

[2] Receipt of an Executive Grant of Clemency does not render the defendant ineligible for relief. *See, e.g., Dennis v. Terris*, 927 F.3d 955, 959-60 (6th Cir. 2019)

5

non-Career Offender criminal history category of V produces a lesser guideline range of 292 to 365 months. However, the higher guideline range (now the Career Offender range) controls. *See* U.S.S.G. § 4B1.1(b).

The Court has considered the arguments of the parties, along with the relevant 18 U.S.C. § 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has refamiliarized itself with his PSR. Having done so, the Court is satisfied that a sentence reduction is warranted.

The defendant's sentence will be reduced to 306 months, based on a one-level downward variance from the bottom of the Career Offender guideline range and an additional 18-month variance in further consideration of his post-offense disciplinary record. The period of supervised release will be reduced from ten years to eight.

The Court is mindful that the defendant's participation in this conspiracy was longstanding, from early 2001 into late 2003. [PSR, ¶ 8]. The Court is also mindful that the defendant's criminal history (from 1986 to 2002) was considerable, including several controlled substance convictions. [*Id.*, ¶¶ 34-48]. At the time of sentencing in this case, the Career Offender designation was clearly appropriate.

However, the defendant's post-sentencing conduct has been exceptional. SENTRY shows that he has incurred no disciplinary sanctions in his more than 16 years in custody. He has earned his GED. [Doc. 219, Ex. 1]. He is employed and has completed a drug education course along with other educational and vocational programming. [*Id.*].

According to SENTRY, he has a minimum security classification and is considered by the Bureau of Prisons as having a low risk of recidivism.

The Court also notes the defendant's October 2019 Bureau of Prisons Progress Report. [Doc. 219, Ex. 1]. Therein, the defendant is described as having "made a good institutional adjustment since his arrival at this facility [FCI Butner Medium I]. He has a good rapport with both staff and inmate peers." [*Id.*]. "All work reports indicate that he is a good worker who needs little supervision. He is a self-starter and does his job with excellence." [*Id.*].

Having considered the record as a whole in light of the relevant 3553(a) factors, the Court concludes that the defendant's Career Offender guideline range now leads to a sentence which is greater than necessary. His offense of conviction and his broader criminal history are now more than 17 years in the past. His post-offense conduct has by all accounts been positive. *See, e.g., Pepper v. United States*, 562 U.S. 476, 490 (2011).

Collectively, these facts indicate a reduced risk of recidivism and a diminished need for deterrence. The history and characteristics of this defendant as discussed herein merit a reduction in sentence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The Court will accordingly vary downward one offense level from the bottom of the Career Offender guideline range. The Court will also vary downward an additional 18 months to further account for the defendant's post-offense rehabilitation.

## IV. Conclusion

For the reasons provided herein, the defendant's *pro se* motions for sentence reduction [docs. 218, 222, 223] are **DENIED AS MOOT**, and his counseled motion for sentence reduction [doc. 231] is **GRANTED**. The defendant's term of imprisonment is reduced to **306 months**. The term of supervised release is reduced from ten years to **eight**. *See* 21 U.S.C. § 841(b)(1)(B).

Further, while on supervised release, the defendant shall be subject to the following additional special conditions of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
>
> The defendant shall not take any prescribed narcotic drug without notifying the physician that he has a substance abuse problem and without obtaining permission from the probation officer.

Except as provided herein, all provisions of the judgment dated February 28, 2005, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge